NATHAN BASS, plaintiff in error, vs. SHADRACH WARE, defendant in error.

[1.] Section 1988 of the Code, which abolishes the vendor's lien, applies only to those liens created after the Code went into effect.

[2.] Emancipation is no defence to a note given for the purchase of negroes, sold in 1857, and warranted " to be slaves for life."

In Equity. In Bibb Superior Court. Motion to dissolve Injunction and dismiss Bill. Decided by JUDGE COLE. January, 1866.

This was a bill filed, in December, 1865, by Ware against Bass, to enforce the vendor's equitable lien for the purchase money of land, and in the meantime to restrain the vendee by injunction from selling the land.

The facts presented by the bill and answer, which need not be stated in detail, gave rise to two general questions: 1. Whether section 1988 of the Code, abolishing the vendor's lien, is operative upon the present case, the sale and conveyance here having been made on the 20th of January, 1857, long prior to the adoption of the *Code*; and, 2. Whether the covenant of warranty in a certain bill of sale was broken by the abolition of slavery, so as to discharge the purchaser of the slaves from his undertaking to pay for them, or, so as to entitle him to have payments already made, applied, now, exclusively upon the land purchased at the same time and by the same contract.

The bill of sale was as follows :

GEORGIA, MACON COUNTY.

Received of Nathan Bass, forty-four thousand dollars, in payment for the following negroes, (*describing them*) all of which negroes I do hereby warrant sound and healthy, and to be slaves for life. And I do, by these presents, for myself, heirs, assigns, administrators, and executors, warrant and forever defend the right and title of said named slaves unto him the said Nathan Bass, his heirs, assigns, administrators,

and executors, for their own proper use, benefit, and behoof, against the claim or claims of myself and all other persons whatever.

Given under my hand and seal, this 20th day of January, 1857.

SHADRACH WARE. [L. S.]

BAILEY and HALL, for plaintiff in error.

E. A. & J. T. NISBET, for defendant.

WALKER, J.

[1.] Section 1988 of the Code says, "The vendor's equitable lien for the purchase money of lands is abolished in this State." Does this apply to contracts entered into prior to the 1st of January, 1863, the time when the Code went into effect? Section 2 says, " all *rights* or obligations or duties, *acquired* or imposed by existing laws, shall remain valid and binding, notwithstanding the repeal or modification of such laws." Section 7 says, "laws prescribe only for the future." From these provisions, we think the Code intended to apply to future contracts; and the section under consideration does not have a retroactive operation. The lien of a vendor arising out of a contract made prior to the first day of January, 1863, is not affected by the Code.

[2.] In the case of *Hand vs. Armstrong,* decided during the present term, (*ante. p.* 232) we had occasion to examine the effect of emancipation upon a warranty of title of " slaves for life; " and we then held that, "Emancipation °is no defence to notes given for the purchase money of slaves sold in 1860, with warranty ' that they are slaves for life.' The warrantor did not covenant against a future act of the Government. He simply warranted that the slaves in question belonged to that class whose condition was, by the then law, one of bondage for life—not that this condition should continue as long as they should live." Is there anything in this case to

take it out of the rule laid down in that? We think not. There, the words of the covenant are, "I warrant that they are slaves for life." Here, the words are, "Which negroes I do hereby warrant sound and healthy, and to be slaves for life." It was argued with earnestness, that the words "to be" are here used in a *future* sense, and that the intention of the parties was, that the negroes should *continue* slaves during life. I am not as familiar with Lindley Murray and his successors as I was some thirty years ago, when I was principal of a "rural academy," usually ycleped "an old field school;" still, I think I may venture to insist that "to be" is in the *present* tense of the infinitive mood, and when used without other qualifying or controlling words, has invariably a *present*, and *not a future* significance. The sense of the contract is: I sell you these negroes, and warrant them to be now—in the condition of—slaves for life; that is their status under the laws, and as such I transfer them to you. The title vests in the purchaser, and the negroes belong to him absolutely as slaves for life. After what has been said, in the case already referred to, it is deemed unnecessary to elaborate here.

The judgment of the Court below is affirmed.